Matter of Jaskaran v City of New York (2022 NY Slip Op 06166)

Matter of Jaskaran v City of New York

2022 NY Slip Op 06166

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 160221/19 Appeal No. 16587 Case No. 2022-00437 

[*1]In the Matter of Jack Jaskaran, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 22, 2021, which, to the extent appealed from as limited by the briefs, denied so much of the petition as requested attorneys' fees and other litigation costs, and granted respondents' motion to dismiss the petition, unanimously reversed, on the law, without costs, the proceeding reinstated and the petition granted to the extent of granting petitioner's request for attorneys' fees and other litigation costs, and the matter remanded for further proceedings consistent herewith.
Petitioner has established that he is entitled to recover attorneys' fees and costs, since he "substantially prevailed" in this CPLR article 78 proceeding, and respondents had "no reasonable basis for denying access" to the records sought under the Freedom of Information Law (FOIL) (Public Officers Law § 89[4][c][ii]). It is undisputed that petitioner substantially prevailed, as respondents, during the pendency of this proceeding, disclosed the records sought in the FOIL request with limited redactions (see Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 505 [1st Dept 2021]). "[T]he voluntariness of [the] disclosure is irrelevant to the issue of whether petitioner substantially prevailed" (id.).
As respondents concede, the issue of whether they had a reasonable basis for denying access is controlled by this Court's decision in a prior FOIL proceeding between the same parties, which was limited to one of the documents at issue here: a medical screening manual used by the New York City Police Department (Matter of Jaskaran v City of New York, 200 AD3d 418 [1st Dept 2021]). Accordingly, we remand to Supreme Court for a determination of petitioner's attorneys' fees and other litigation costs (see e.g. Matter of Dioso Faustino, 191 AD3d at 506).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022